**LOCAL MOTION, INC., Plaintiff,**

v.

**Christine NIESCHER, et al., Defendants.**

**CV. No. 92–00776 DAE.**

United States District Court, D. Hawaii.

May 18, 1995.

Jacqueline L.S. Earle, Jennifer Cook Clark, Goodsill, Anderson, Quinn & Stifel, Honolulu, HI, for plaintiff.

David C. Schutter, Lloyd A. Poelman, Schutter & Associates, Honolulu, HI, for defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS REMAINING CLAIMS WITHOUT PREJUDICE**

EZRA, District Judge.

This matter arose from a dispute between Plaintiff Local Motion, Inc. (Local Motion) and Defendants, several German businesspeople, who desired to distribute Local Motion products in Germany.[1] Plaintiff brought this action on December 14, 1992, asserting claims against Defendants for fraud, misrepresentation, civil conspiracy, breach of contract, tortious interference with contract, tortious breach of contract, unfair competition, and implied breach of the covenant of good faith and fair dealing. Defendants filed counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious breach of contract.

Local Motion and Defendants filed Cross-Motions for Summary Judgment, which this court heard on January 31, 1994. By Order filed February 3, 1994, this court granted Local Motion summary judgment: (1) in its entirety, as to the breach of contract claim; (2) in part, as to its breach of the implied

---

1. Pursuant to Local Rule 220–2(d), the court finds this matter suitable for disposition without hearing.

covenant of good faith and fair dealing; and (3) in their entirety, as to the defendants' counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious breach of contract. The court denied plaintiff's motion for summary judgment: (1) in its entirety, as to the tortious breach of contract claim; and (2) in part, as to its claim for breach of the covenant of good faith and fair dealing. The court also denied, in their entirety, the defendants' motions for summary judgment as to their counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious breach of contract.

Local Motion now asserts that it no longer wishes to pursue its remaining claims for tortious breach of contract, breach of the implied covenant of good faith and fair dealing (as to distribution), fraud, misrepresentation and deceit, common law unfair competition and business fraud, common law civil conspiracy and tortious interference with contract. Defendants have filed a Statement of No Position with respect to the motion, waiving appearance at the hearing.

### STANDARD OF REVIEW

Rule 41(a)(2), Fed.R.Civ.P., permits a plaintiff, with the court's approval, to dismiss an action without prejudice at any time. The rule provides in relevant part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .

A motion for voluntary dismissal under Rule 41(a)(2) is addressed to this court's sound discretion. *Stevedoring Services of America v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir.1989) (citation omitted).

### DISCUSSION

Plaintiff seeks dismissal of this action under Rule 41(a)(2), and Defendants do not oppose the dismissal. The purpose of Rule 41(a)(2) is "to allow a plaintiff to dismiss an action without prejudice so long as the defen-

dant will not be prejudiced or unfairly affected by dismissal." *Id.* (citations omitted).[2]

Defendants assert no claims of prejudice and request no fees or costs. Plaintiffs demonstrate that the work done by Defendants on the outstanding claims either (1) is not yet significant, or (2) duplicates work that was necessary for their unsuccessful prosecution of their counterclaims. This court can see no purpose in refusing Plaintiff's motion. The remaining claims for tortious breach of contract, breach of the implied covenant of good faith and fair dealing (as to distribution), fraud, misrepresentation and deceit, common law unfair competition and business fraud, common law civil conspiracy and tortious interference with contract are dismissed without prejudice, with judgment to be entered accordingly.

### CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Motion to Dismiss Remaining Claims Without Prejudice, and ORDERS judgment entered accordingly.

IT IS SO ORDERED.

---

**2.** While Rule 41(a)(2) also protects a defendant who has filed counterclaims, this court has already granted summary judgment to Plaintiff on Defendants' counterclaims, mooting this issue.